DECISION AND JUDGMENT ENTRY
{¶ 1} Billy R. Witt, his wife, Theresa L. Witt, and their children, Billy J., Brandon, Jenifer, and Jeremy (collectively referred to as "the Witts") appeal the denial of their motion for a new trial by the Gallia County Court of Common Pleas. Because we find that the trial judge, who had not been present during the trial, abused his discretion by failing to either (1) review the evidence presented during the trial before ruling on the motion for new trial or (2) determining under Civ.R. 63 whether he should grant a new trial, we agree. Accordingly, we reverse and remand the judgment of the trial court.
 I. {¶ 2} Billy R. Witt and his wife, Theresa L. Witt, and their children, Billy J., Brandon, Jenifer, and Jeremy, filed a complaint against Akron Express, Scott W. Snyder, Christians Construction, and Tom B. Gibbs. The complaint alleged that Scott W. Snyder was an agent of Akron Express when he was driving a semi-truck that collided with a vehicle in which Billy R. Witt was a passenger. According to the complaint, Billy R. Witt suffered permanent injuries, lost wages, and will continue to lose wages as a result of the accident. The complaint further alleged that Theresa Witt and the Witt children suffered loss of consortium with Billy R. Witt. The complaint also alleged claims against Christians Construction and Gibbs, however those claims are not at issue on appeal.[1]
 {¶ 3} After a jury trial, the jury found that Akron Express and Snyder's negligence proximately caused injury to Billy R. Witt and awarded him sixty thousand dollars for past medical expenses and two thousand one hundred sixty dollars in past lost wages. The jury expressly declined to award past pain and suffering damages to Billy R. Witt or any damages to the remaining Witts.
 {¶ 4} The Witts filed a motion for new trial pursuant to Civ.R. 49 and 59, which the trial court granted. Akron Express and Snyder appealed.
 {¶ 5} On appeal, we reversed the trial court's grant of a new trial because "the trial court's order was not sufficiently detailed to allow this court to conduct a meaningful review of the order." Witt v.Akron Express (Feb. 1, 2002), Gallia App. No. 01CA7.
 {¶ 6} After holding a status conference, the trial court noted that the judge who had presided over the trial had retired and moved to California. The trial court found that it could not articulate the original trial judge's rationale for granting a new trial and concluded that it could not substitute its own reasons. Then the trial court stated: "Furthermore, in the interest of judicial economy, it is not practicable for the Court and the parties and the counsel to listen to the taped proceedings and review all depositions and exhibits for a three day trial without the benefit of viewing the jury, its demeanor and attitude, and observing the witnesses and getting a feeling for the atmosphere of the court room proceedings. Same would be the situation if the Court were to review the transcript of the proceedings, depositions and exhibits." Accordingly, the trial court denied the motion for new trial.
 {¶ 7} The Witts appeal and assert the following assignments of error: "[I.] Plaintiffs-Appellants are entitled to a new trial as the jury's verdict was inconsistent and failed to award damages as required under Ohio law. [II.] The fact that the original trial judge retired should not prejudice the rights of Appellant: the Appellate Court should defer to the decision of the original trial judge in determining grounds for a new trial."
 II. {¶ 8} In their first assignment of error, the Witts argue that the trial court erred in denying their motion for a new trial because a new trial is consistent with the original trial judge's decision, which should be shown greater deference.
 {¶ 9} We review a trial court's grant of a new trial for an abuse of discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
 {¶ 10} Civ.R. 59 provides: "(A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (6) the judgment is not sustained by the weight of the evidence * * *. When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."
 {¶ 11} Civ.R. 63 provides, in part: "(B) If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge * * * may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial." To carry out these duties, the successor judge may need to familiarize himself or herself with the case. See Fink, Greenbaum, and Wilson, Guide to the Ohio Rules of Civil Procedure (2001) 63-5.
 {¶ 12} Here, we instructed the trial court to comply with Civ.R. 59 by articulating the reasons it granted the Witts' motion for a new trial. The original judge was unable to articulate the reasons that he granted the Witts' motion for new trial because he had retired. Therefore, the successor judge was called upon to "perform the duties to be performed by the court after a verdict is returned." Civ.R. 63(B). The successor judge found that he could not do so, stating "The Court therefore finds that it cannot substitute its articulable reasons [for granting a new trial], if it should find any upon review, for those of [the original trial judge]." The successor judge also noted that it was neither practicable nor consistent with judicial economy for him to review the record. Therefore, the successor judge concluded that he must deny the motion for a new trial.
 {¶ 13} We find that the trial court abused its discretion by refusing to either (1) consider whether his inability to perform the original judge's duties pursuant to Civ.R. 63 entitled the Witts' to a new trial pursuant to Civ.R. 63 or (2) review the merits of the Witts' motion for a new trial, which may have included a review of the evidence.
 {¶ 14} The trial court both refused to consider the merits of the Witts' motion for new trial and refused to exercise the discretion given to it by Civ.R. 63(B). We find this unreasonable. If the successor judge was unable to comply with the mandates of our previous decision, then Civ.R. 63(B) required him to "perform the duties to be performed by the court after a verdict is returned", i.e., to decide The Witt's motion on its merits, which would include a review of the record. If the trial court was unable to perform these duties, then Civ.R. 63(B) required it to consider granting the Witts a new trial.
 {¶ 15} Because we have found that the trial court abused its discretion, we sustain the Witts' first assignment of error.
 III. {¶ 16} We do not resolve the Witts' second assignment of error because our resolution of their first assignment of error renders it moot. App.R. 12(A)(1)(c).
 IV. {¶ 17} In sum, we sustain the Witts' first assignment of error, which renders their second assignment of error moot. Therefore, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Concurs in Judgment Only.
[1] The Witts dismissed their claims against Christians Construction and Gibbs before these defendants filed answers.